The **PHILADELPHIA NATIONAL BANK**

v.

The **DOW CHEMICAL COMPANY, Dow Chemical U.S.A., and Amspec, Inc., et al.**

**Civ. A. No. 83–5408.**

United States District Court, E.D. Pennsylvania.

Dec. 20, 1984.

Joseph G. Manta, Frumkin & Manta, Philadelphia, Pa., for defendants.

Sean P. Flynn, Waters, Gallagher & Trachtman, Norristown, Pa., for third-party defendant Keystone Wire and Iron Works, Inc.

Edward Gerald Donnelly, Jr., Antoinette R. Stone, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for third-party defendant E.L. Conwell and Co.

Bruce D. Lombardo, Elizabeth M. McKenna, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for third-party defendants Ewing Cole Cherry Parsky and Tecton, Inc.

J. Grant McCabe, III, Rawle & Henderson, Philadelphia, Pa., for third-party defendant Cornell and Co., Inc.

R. Thomas McLaughlin, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for third-party defendant McCloskey and Co., Inc.

David Berger, William Hourican, Howard Langer, Philadelphia, Pa., for plaintiff, Philadelphia Nat. Bank.

## MEMORANDUM

NEWCOMER, District Judge.

Presently before me are plaintiff's motion to compel production of documents, filed October 11, 1984, and plaintiff's motion to compel answers to interrogatories, attendance at depositions, and exchange of expert reports, filed November 19, 1984. For reasons discussed below the motions will be granted.

Before proceeding to the merits of the disputes, a recitation of the history of these motions is necessary. The October 11 motion seeks production of all deposition transcripts [1] of Dow employees taken in other cases presenting claims for damages relating to the use of Sarabond. On October 16, 1984 a conference was held in my chambers to discuss this, as well as other, discovery disputes. At that conference counsel for Dow stated that the major stumbling block to production of the transcripts was plaintiff's refusal to agree that when it deposed individuals for whom transcripts had been produced it would not cover matters on which testimony had previously been taken. Since one purpose behind production of the transcripts was to avoid duplicative efforts, I agreed that such a condition was fair, and it was my impression that the issue was put to rest.

On October 29, 1984 I received a letter from counsel for Dow stating that counsel for PNB had no objection to an indefinite deferral of the October 11 motion to compel. By letter dated November 19 counsel for PNB advised me that it was seeking a ruling on its October 11 motion inasmuch as Dow refused to produce transcripts of employees whose depositions have not been noticed in this specific litigation. A month has now elapsed and Dow has yet to respond to PNB's motion. The motion will therefore be granted in accordance with the terms discussed at the October 16 conference in my chambers.

Plaintiff's November 19 motion seeks answers to various interrogatories, production of certain documents and legible copies of documents already produced, attendance of Dow employees at depositions in Philadelphia, and an exchange of expert reports on January 7, 1985. By letter dated November 28, 1984, defendant sought an extension of time to file its response, representing to the Court that certain issues raised could probably be resolved and that plaintiff's counsel had no objection to the

1. Plaintiff's proposed order also seeks all transcripts of Dow employees' trial testimony in other Sarabond cases.

request. My clerk called defendant's counsel and left the message that his brief on unresolvable issues was due on December 6. On December 6 defendant filed its response which addressed only three of plaintiff's interrogatories. The brief stated that "counsel for Dow cannot certify that an impasse has been reached as to the other matters raised in the motion filed by plaintiff on November 19, 1984 and, unless and until plaintiff and Dow reach an impasse on such other matters, Dow will not respond to same."

PNB quickly responded that, despite further negotiations—amply documented by copies of letters between counsel—only the issue of exchange of expert reports had been agreed upon. As Alice would say, the dispute only becomes "curiouser and curiouser." By letter dated December 17 counsel for PNB advised me that, in fact, counsel for Dow refused to execute a stipulation memorializing the agreement as to expert reports. Counsel therefore requested consideration of its motion as to this issue as well. The bottom line appears to be that despite the passage of an entire month, the parties find themselves unable to agree on issues so fundamental and simple that I simply must conclude that one or the other is acting in bad faith.

All evidence points to the inescapable conclusion that Dow is the intractable party in this litigation. First, its position that it can indefinitely delay consideration of a motion to compel by insisting that no impasse has been reached is simply ridiculous. Second, its contention that no impasse has been reached flies in the face of the documentation attached to plaintiff's reply brief addressing its November 19 motion to compel.

Third, Dow's stance with respect to certain of plaintiff's interrogatories is simply frivolous. For example, interrogatories 16 through 28 of plaintiff's second set of interrogatories seek the factual basis for the thirteen affirmative defenses asserted by Dow in its answer. Dow "responded" as follows:

16. Dow objects to this interrogatory on the ground that it would require Dow to repeat all facts and opinions which have and will be the subject of discovery and which will be introduced at trial. By way of answer, all facts and opinions which have been and will be the subject of discovery and which will be introduced at trial support the contention that plaintiff has failed to state a claim upon which relief can be granted.

17.–22. Dow will respond to these interrogatories subject to general objections 1–4.

23.–28. Dow incorporates herein its objections and answer to Interrogatory No. 16 above. All facts and opinions support Dow's contentions repeated in Interrogatory Nos. 23 through 28.

How any attorney could seriously contend that this constitutes a valid response to legitimate questions escapes me.

Interrogatories 32, 33, and 35 through 37 were objected to by Dow as, amongst other things, "burdensome." Quite plainly the information sought goes to the heart of this litigation—Dow's knowledge of the effect of its product on steel. Dow's conclusory assertion that the requests are burdensome simply does not satisfy F.R.C.P. 33.

■ Because plaintiff's interrogatories and requests for production appear to be meritorious, and because of defendant's wholesale failure to respond to plaintiff's motion, and in some instances, the discovery requests themselves, I will order defendants to respond fully and completely to those requests as set forth in the accompanying order. The sole exception to this order is Interrogatory 2 (Second Set). The employment history of individuals assisting in the preparation of answers to interrogatories seems irrelevant and burdensome.

With respect to Interrogatories 29 through 31, which represent the sole portion of the motion to compel which Dow has briefed, I believe the information sought is discoverable; however, I underscore that this ruling in no way implies that

information obtained will be admissible at trial.

Plaintiff also seeks an order requiring exchange of expert reports on or before January 7, 1985. This request is granted and applies fully to all parties. I emphasize that expert testimony at trial will be circumscribed by the information produced in accordance with the order accompanying this memorandum and I therefore urge all parties to provide candid and comprehensive reports.

PNB next seeks an order requiring Dow to produce its employees in Philadelphia for depositions, some on specified dates. Many of the dates have come and gone while the parties have attempted to resolve this motion. My understanding at the October 16 pretrial conference was that depositions of Dow employees were to be held in Philadelphia. Many such depositions were in fact taken in Philadelphia, and the reason for Dow's change of heart remains unexplained.

█ Certainly considerations of convenience militate in favor of depositions being taken in Philadelphia. All counsel to this litigation reside in Philadelphia, and documents produced during discovery are located here. Given this fact, together with Dow's acquiescence in the procedure in the past, I will order Dow to continue to produce its employees for deposition in Philadelphia provided reasonable notice is given. Should Dow's opponents view this as an opportunity to pursue frivolous avenues of discovery I would entertain, following trial or settlement of this case, a motion for reimbursement of expenses incurred in producing deponents pursuant to this order.

PNB also seeks legible copies of documents already produced in apparently indecipherable form. To require court involvement in a dispute of this nature is utterly inexcusable; however, PNB's repeated requests in this regard have apparently gone ignored. The motion will therefore be granted.

█ Finally, PNB seeks an award of its costs incurred in pursuing its motion. I believe such an award is appropriate. The "responses" prepared by Dow with respect to PNB's interrogatories were untimely and do not contain even a scintilla of information which could be characterized as truly responsive. Many of the objections, as outlined above, are simply ridiculous. Furthermore, refusal to respond to PNB's request for legible copies of documents I can only take as a manifestation of bad faith. I believe preparation of the motion and assembly of its numerous attachments, could reasonably have consumed twenty hours of an attorney's time and that a reasonable rate for such time would be $75.00 per hour.